IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:16-CR-86-BO-1
NO. 7:18-CV-39-BO

| | |
|---|---|
| JOHNNY RAY HUGGINS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter is before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [DE 78 ] and the government's motion to dismiss [DE 82 ]. For the reasons discussed below, respondent's motion is GRANTED and petitioner's § 2255 motion is DISMISSED.

## BACKGROUND

On December 7, 2016, petitioner pleaded guilty, pursuant to a written plea agreement, to conspiracy to possess with the intent to distribute 28 grams or more of cocaine base (crack) and a quantity of cocaine, heroin, and marijuana, in violation of 21 U.S.C. §§ 846 and 841, and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). He was sentenced to a total of 180 months' imprisonment. He filed the instant motion on March 9, 2018, alleging he received ineffective assistance of counsel. Petitioner claims his counsel was deficient in providing an inaccurate estimate of his sentence, informing him the government would file a motion for a sentence reduction, and failing to advise him of a particular defense, and that because of his counsel's performance he did not knowingly and

voluntarily enter into his plea agreement. The government has moved to dismiss petitioner's motion.

## DISCUSSION

"To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), [petitioner's] '[f]actual allegations must be enough to raise a right to relief above the speculative level,' thereby 'nudg[ing] their claims across the line from conceivable to plausible.'" *Aziz v. Alcolac, Inc.*, 658 F.3d 388, 391 (4th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 555 (2007)). Additionally, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *United States v. Dyess*, 70 F.3d 354, 359 (4th Cir. 2013) (quotation omitted).

Petitioner's ineffective assistance of counsel claim fails because he has not satisfied the two-pronged requirements of *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, a petitioner must show that the representation he received fell below an objective standard of reasonableness. *Id.* at 688. This Court must be "highly deferential" of counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." *Id.* at 689. Therefore, the Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* The second prong is met where there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Petitioner's first two arguments are belied by his plea agreement. In his plea agreement, petitioner agreed that he could receive a potential sentence up to the statutory maximum, and that the government had made no commitment to file any motion for a sentence reduction. [DE 60 at

2

6-7]. Therefore, even taking petitioner's claims at full face value, he cannot show that the result of the proceeding would have been different.

Petitioner's third argument fails because electing to pursue a particular defense is a matter of strategy. How to present an argument is a strategic choice. *See United States v. Ragin*, 820 F.3d 609, 620 (4th Cir. 2016) ("[T]he question of prejudice under *Strickland* ordinarily involves consideration of the range of strategies and tactics available to a lawyer."). Additionally, the defense petitioner alleges his counsel failed to inform him of does not apply to his case, as he did not plead guilty of a charge of aiding and abetting. *See Rosemond v. United States*, 572 U.S. 65 (2014) (addressing the elements of aiding and abetting). Again, petitioner cannot meet *Strickland*.

Petitioner's final argument fails because he does not allege facts that could plausibly sustain the claim that his plea agreement was not entered into knowingly and voluntarily. Petitioner alleges his lawyer told him he would probably get a 120-month sentence, and that the government might file a motion of reduction of sentence. But petitioner stated unequivocally that he understood the terms of his plea agreement, which said clearly that those things were not guaranteed. A defendant's declaration affirming his plea agreement carries a strong presumption of validity. "In the absence of extraordinary circumstances. . . allegations in a § 2255 motion that directly contract the petitioner's sworn statements made during a properly conducted Rule 11 colloquy" should not be taken as valid. *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005). There are no such extraordinary circumstances here. Therefore petitioner's claim must be dismissed.

## CERTIFICATE OF APPEALABLITY

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). After reviewing the claims in light of the applicable standard, the Court declines to issue a certificate of appealability.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss [DE 82 ] is GRANTED and petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [DE 78 ] is DISMISSED. A certificate of appealability is DENIED.

SO ORDERED.

This the 27 day of August, 2018.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE